[861 NYS2d 905]

In the Matter of Thomas H. McKelvey, an Attorney, Respondent. Grievance Committee of the Eighth Judicial District, Petitioner.

Fourth Department, July 11, 2008

### APPEARANCES OF COUNSEL

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Vincent E. Doyle, III*, Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 28, 1974 and maintains an office for the practice of law in Silver Creek. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from a real estate transaction in which he represented both the buyers and the seller. Respondent filed an answer denying material issues of fact, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The hearing was conducted only on matters in mitigation. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm in part and disaffirm in part. Respondent cross-moves to confirm the report in part and disaffirm it in part.

Respondent admits, and the Referee found, that in 1993 respondent agreed to represent the buyer and the sellers in a real estate transaction. Although respondent obtained the consent of the parties to the dual representation, he failed to make required disclosures regarding the potential conflict of interest prior to obtaining consent. Respondent prepared a land contract, executed by the parties, for the sale of a house with one acre of land.

The property was not specifically described in the land contract. A survey was completed in May 1993. In 1995, a dispute arose between the buyers and the seller with respect to the content of the survey. Late in 1999, at the direction of the buyers, respondent attempted to file the land contract in the Office of the Erie County Clerk. The County Clerk refused to file the land contract because it did not include a description of the real property. Respondent admits that he then altered the land contract by adding "see attached description" and appending the May 1993 survey to it, and that he filed the altered land contract.

We confirm the factual findings made by the Referee. We decline, however, to adopt the conclusion of the Referee that the conduct of respondent was not deceitful. Respondent misrepresented the nature of the parties' agreement by altering the land contract and then made that misrepresentation a matter of public record by filing the land contract (*see Matter of Killeen*, — AD3d —, 2008 NY Slip Op 06112 [2008]).

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, truthfulness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved; and

DR 5-105 (b) (22 NYCRR 1200.24 [b])—continuing multiple employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved.

We have considered the matters submitted by respondent in mitigation, including his lengthy record of public service. Additionally, we have considered the fact that most of the misconduct at issue occurred in or prior to 1995, as well as the fact that respondent was acting in accordance with the wishes of his clients. Finally, we have considered respondent's expression of remorse for the misconduct. Accordingly, after consideration of all the factors in this matter, we conclude that respondent should be censured.

LUNN, J.P., FAHEY, GREEN and PINE, JJ., concur.

Order of censure entered.